## E. MITTENDORF v. THE STATE.

### No. 152.   Decided May 4, 1910.

**1.—Sunday Law—Agency—Insufficiency of the Evidence.**

Where, upon trial of a violation of the Sunday law, not brought under the license law known as the Fitzhugh-Robertson Law, but under the general statute, where the evidence showed that defendant instructed his employe not to sell on Sunday, and that if any sale occurred it was over his express orders, the same was insufficient to sustain the conviction.   Following Whitcomb v. State, 30 Texas Crim. App., 269.   Ramsey, Judge, distinguishing case from Ollre v. State, 57 Texas Crim. App., 520.

**2.—Same—Suntime—Sunday.**

See opinion questioning whether the sale occurred on Sunday by suntime.

Appeal from the County Court of Jefferson.   Tried below before the Honorable Jas. A. Harrison.

Appeal from a conviction of a violation of the Sunday law; penalty, a fine of $25.

The opinion states the case.

*E. A. McDowell,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the Sunday law, and his punishment assessed at a fine of $25.

The two witnesses by whom the State sought to make out its case were the hired detectives of the liquor dealers' association at Galveston.   They stated they went to Beaumont for the purpose of ferreting out violations of the liquor laws, and from five to ten minutes after 12 o'clock Sunday morning they went into appellant's place of business and bought beer.   One of them stated it was five minutes after 12 o'clock and the other stated about ten minutes after 12 o'clock.   This is supposed to have been railroad time.   If that was a fact, then the sale under suntime could have occurred before 12 o'clock.   Be that as it may, the evidence is uncontroverted by the State's witnesses that appellant was not present and did not participate in the sale.   Both of the State's witnesses testified they had never seen appellant until the day of the trial, and they did not purchase any intoxicants from him.   They described a man whom they say was in the saloon at the time and sold the beer.   The theory of the State was that this seller was the bartender of appellant.   Appellant's testimony was to the effect, and it is uncontroverted, that he instructed his employes not to sell on Sunday, and that if any sale occurred in his saloon it was over his express orders and command.   There is some testimony by a policeman that he had watched this place, among others, and he had never known of a violation of the law in appellant's place of business.   We

are of opinion that this evidence is not sufficient to sustain this conviction. See Whitcomb v. State, 30 Texas Crim. App., 269.

It is a very serious question and greatly to be doubted that the sale, if a sale occurred at all, occurred after 12 o'clock, but the testimony is to the effect that appellant did not sell in person, and that he instructed and commanded his employes not to dispense intoxicants on Sunday. This prosecution was not brought under the Fitzhugh-Robertson license law; but under another statute which prohibits selling on Sunday.

Being of opinion the evidence is not sufficient to sustain the conviction, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

McCord, Judge, not sitting.

RAMSEY, Judge.—I concur in the result. So far as by inference or otherwise the opinion could be understood to approve the decision in Ollre v. State, 57 Texas Crim. Rep., 520, I could not agree. As I understand the opinion the rule there laid down has no application and is not involved here.